IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| TODD ALAN DUELL,<br><br>Plaintiff,<br><br>v.<br><br>HONOLULU POLICE DEPARTMENT, DOES 1-7,<br><br>Defendants. | Case No. 25-cv-00518-DKW-RT<br><br>**ORDER (1) ADOPTING RECOMMENDATION TO STRIKE AS-CONSTRUED MOTION TO AMEND THE COMPLAINT, (2) STRIKING VARIOUS FILINGS OF PLAINTIFF, (3) GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, AND (4) DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF** |

On December 8, 2025, Plaintiff Todd Duell, proceeding without counsel,

initiated this action with the filing of a Complaint against the Honolulu Police

Department (HPD) and seven unidentified "Doe" defendants.   According to Duell,

in November 2025, multiple HPD officers entered his home without consent or a

warrant, arrested Duell, and took him to a police station where he was questioned

by two investigators.   Based upon this series of events, Duell appears to assert

claims under the Fourth Amendment, 42 U.S.C. Section 1983, and various

provisions of the U.S. criminal code.

HPD has moved to dismiss all claims with prejudice on various grounds,

including the failure to state a claim under Federal Rules of Civil Procedure 8

and 12(b)(6).    Although largely nonsensical, Duell has filed a response to the
motion to dismiss, in which he appears to oppose dismissal of his claims.

Upon review, the Court finds that the Complaint, Dkt. No. 1, is the operative
pleading, rather than any of the other "amended" complaints or pleadings that
Duell may have sought to file in this case.    The Court also finds that the
Complaint fails to comply with Rule 8(a)'s requirement for a short and *plain*
statement of a claim.    In fact, the Complaint does not provide any *statement of a*
*claim*; instead, it simply contains a chart with a "Ledger of Damages" where the
claims are arguably asserted.    Therefore, dismissal is appropriate.    Dismissal is
with leave to amend to give Duell an opportunity to clearly delineate and state the
claims he seeks to bring in this action, consistent with the Federal Rules of Civil
Procedure and the instructions set forth below.

## BACKGROUND

Liberally construed, the Complaint alleges as follows.    On November 25,
2025, five unidentified HPD officers in "regular clothes" "walked into" Duell's
home in Waialua, Oʻahu without consent.    Dkt. No. 1 at ¶ 1.    The officers refused
to identify themselves or produce a signed warrant.    *Id*. at ¶¶ 3-4.    The officers
informed Duell that he was under arrest, but refused to provide "articulable
probable cause" for the same.    *Id*. at ¶¶ 5-6.    After handcuffing Duell, the officers

2

took him to a police station for booking and questioning.   *Id*. at ¶ 8.   Along the

way to the police station, two of the officers said to Duell: "fuck around and find

out … you're going to prison … you're going to lose your job."   *Id*. at ¶ 9.   In

response, Duell stated that the officers were not "authorized to commit aggravated

identity theft of Plaintiff's tax records for pecuniary gain…."   *Id*. at ¶ 10.   Duell

"reminded" the officers that "they have a Social Security Number" and, thus, "they

are in fact contracted with the IRS [Internal Revenue Service]…."   *Id*. at ¶ 12.

According to Duell, this also means that the officers are "willful tax evaders and

willful non-tax filers" who "claim they are above the law."   *Id*. at ¶¶ 14-15.

　　　Once at the police station, Duell was questioned by two unknown

investigators.   *Id*. at ¶ 16.   The "primary" investigator "attempted to read Plaintiff

his 'Miranda rights'" and to "start an administrative process to gather

information", to which Duell "immediately invoked his 5th Amendment right to

remain silent…."   *Id*. at ¶¶ 17-19.   Despite so doing, Duell then asked the

"primary" investigator a series of questions, including "if there was a warrant for

his arrest[,]" "if there was an open criminal action filed against [Duell,]" and "if

there was a CUSIP for the 1099 A filed for the court case trust securities."   *Id*. at

¶¶ 20-28.   The "primary" investigator either refused to answer or responded "no"

to Duell's questions.   *Id*.   Duell further informed the "primary" investigator that

he may have committed "aggravated identity theft of Plaintiff's tax records for pecuniary gain…."   *Id*. at ¶ 29.   The "primary" investigator then "turned his recorder off" and "mumbled[,] 'this is bullshit … there was no crime … this is a waste of my time.'"   *Id*. at ¶ 30.   Duell was "released shortly thereafter," having been detained for roughly three hours.   *Id*. at ¶ 31.   No charges were filed.   *Id*.

The Amended Complaint then purports to provide a "Ledger of Damages", which is a chart containing a dollar figure in the first column, a number in the second column, and a purported "Violation" in the third and final column.   *Id*. at 10-11.   For example:

| | | |
|---|---|---|
| $250,000 | 1 | 4th Amendment Violation Honolulu Police Department |

In addition to over $8 million in "damages", Duell also seeks, among other things, orders directing HPD to identify the Doe defendants, to produce various "bonds" and "IRS documents," and to "[r]estrict all access to the Social Security Number only for the use of the Plaintiff."   *Id*. at 11-14.

On December 16, 2025, Duell filed an "Affidavit in Support of First Amended Complaint", which appears to also serve as a proposed first amended complaint.   *See* Dkt. No. 7.   On January 14, 2026, the assigned U.S. Magistrate Judge recommended striking the proposed first amended complaint for failure to comply with the Local Rules.   Dkt. No. 16.   No objection or other response has

been filed, timely or otherwise, with respect to this recommendation.    As a result, the Court ADOPTS the recommendation, Dkt. No. 16, and directs the Clerk to STRIKE Dkt. No. 7, which is construed as a motion to amend the Complaint.

On December 31, 2025, HPD appeared in this action with the filing of a motion to dismiss the operative, original Complaint.    Dkt. No. 9.    Therein, HPD argues for dismissal of all claims with prejudice on various grounds, including improper service and failure to state a claim.    On January 12, 2026, Duell filed a response to the motion to dismiss.    Dkt. No. 11.    The vast majority of the response is nonsensical, focusing upon what appears to be alleged non-compliance with rules, policies, or provisions related to the Internal Revenue Code and/or federal and state criminal law.    Duell also asserts, though, that the Complaint complies with Rules 8 and 12(b)(6).[12]    On January 30, 2026, HPD filed a reply in support of the motion to dismiss.    Dkt. No. 20.

---

[1] On January 12, 2026, Duell further filed a motion to "amend named parties", in which Duell sought to make the City & County of Honolulu, as opposed to HPD, the named defendant in this action.    Dkt. No. 13.    On January 14, 2026, the assigned Magistrate Judge denied without prejudice this second motion to amend for failure to comply with the Local and Federal Rules of Civil Procedure.    Dkt. No. 16.

[2] Also on January 12, 2026, Duell filed a purported "Cross-Complaint" against the City & County of Honolulu.    Dkt. No. 12.    Duell, however, is not permitted to file a Cross-Complaint against the City & County of Honolulu, given that it is not a *coparty* in this action.    *See* Fed.R.Civ.P. 13(g) (providing that a "pleading may state as a crossclaim any claim by one party against a coparty…").    The Clerk is, therefore, instructed to STRIKE Dkt. No. 12.

With the filing of HPD's reply, briefing on the motion to dismiss was complete.   Nonetheless, on February 2, 2026, Duell filed another purported "response" to the motion to dismiss.   Dkt. No. 21.   This response, apart from two additional paragraphs concerning communications in January 2026 with counsel for HPD and adding a request for "default against the Defendants", *id*. at 8-9, 18-19, is identical to Duell's original response.   In any event, because Duell was not permitted to file a second response without leave of Court, *see* Local Rule 7.2 ("No further or supplemental briefing shall be submitted without leave of court."), the Clerk is instructed to STRIKE Dkt. No. 21.

Not done, on February 4, 2026, Duell filed a 24-page document that purports to accomplish various things.   Dkt. No. 22.   First, Duell seeks to file yet another "response" to the motion to dismiss and/or HPD's reply.   *Id*. at 1-20.   For the reason stated above, this request is DENIED.   Second, Duell moves to "strike" a declaration submitted with HPD's reply.   *Id*. at 20-21.   Because Duell presents no valid reason for striking the declaration, this request is also DENIED.   Third, Duell moves for "entry of default against the named Defendants" because "[n]o first-hand witness has supplied an affidavit rebutting the affidavit and complaint filed by the Plaintiff."   Because HPD is clearly not in default with respect to the

Complaint, having moved to dismiss the same, *see* Fed.R.Civ.P. 12(b), this request is DENIED as well.[3]

The Court now turns to HPD's motion to dismiss.

## LEGAL STANDARDS

### I.    Federal Rules of Civil Procedure 8(a) and 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   In addition, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct."   Fed.R.Civ.P. 8(d)(1).

Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff."   *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir.

---

[3]Also on February 4, 2026, Duell filed a nonsensical "Arrest and Attachment of Bonds[] Signed Under Good as Aval."   Dkt. No. 23.   To the extent this document purports to seek affirmative relief from the Court, *see id*. at 6-7, the same is DENIED.

2018) (quotation omitted).   However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*   Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.* (citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.    Pro Se Status

The Court liberally construes a pro se complaint.   *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).   In addition, as with all litigants, pro se litigants must follow any applicable Local Rule and Federal Rule of Civil Procedure.   *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012) (en banc).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an

opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).   Justice does not require leave to amend, however, when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency.   *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

Dismissal of the Complaint is appropriate because, even liberally construed, Duell does not connect any factual allegations with the claims he purports to bring and, thus, fails to satisfy even the basic requirements of Rule 8.   Because amendment may cure the Complaint's deficiencies, leave to amend is granted.

The Complaint alleges that various events have occurred, including unidentified HPD officers entering Duell's home, Duell's arrest by the same officers, the questioning of Duell by two different and unidentified HPD officers, tax evasion and fraud, securities fraud, and identity theft.   Although the Complaint does not contain a specific section for claims or causes of action, in a "Ledger of Damages", the Complaint lists a series of alleged "violation[s]" under the Fourth

Amendment, Section 1983, federal criminal laws, and, liberally construed, perhaps State law.

Assuming these "violation[s]" are meant to serve as claims, there are several problems. First, the Complaint does not tie any of the preceding allegations with any specific claim. The Court (and HPD) are instead required to use imagination to draw any connections, which is both not their responsibility and unacceptable.

Second, as mentioned, Rule 8 requires a *short and plain statement* of a claim. Here, the Complaint contains no *statement* of any claim beyond the constitutional or statutory provision mentioned in the Ledger. This too is unacceptable.

Third, many of the allegations—in particular, the ones involving tax, securities, and identity fraud—do not have any clear or plain connection with HPD or any of its officers. For example, although the Complaint alleges that Duell "informed" the officers about various things related to such fraud, there are no factual allegations in the Complaint that any fraud took place. In fact, other than Duell spontaneously bringing these matters to the attention of the HPD officers, there are no factual allegations on the subjects of tax, securities, or identification documents *at all*. In other words, it is not remotely clear how any of these matters are connected to the entry into Duell's home and his arrest or to HPD and its

10

officers.   *See* Fed.R.Civ.P. 20(a)(2)(A) (providing that multiple defendants may be joined in one action only if, among other things, the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences").

In this light, in order for this case to proceed, Duell must amend the Complaint.   In any amended complaint Duell files, he must clearly state the claims he seeks to bring and the factual allegations supporting each claim.   Specifically, for each individual claim, Duell must write short, plain statements describing: (1) the constitutional or statutory right he believes was violated; (2) the name(s) of the defendant or defendants against whom the claim is asserted; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of the legal right; and (5) what specific injury he suffered because of the defendant's or defendants' conduct.   **Duell must repeat this process for each right and each person or entity named as a defendant.**   If Duell fails to affirmatively link the conduct of each defendant with the specific injury suffered, the pertinent claim will be dismissed for failure to state a claim.   In addition, Duell may not incorporate by reference any part of the Complaint or any other matter in an amended complaint.   An amended complaint must be complete in and of itself.   Further, to the extent he wishes to do so, Duell may amend the parties as appropriate.

11

Finally, although Duell is permitted leave to amend to the extent set forth above, such leave does *not* extend to any claim brought for a purported violation of federal or State *criminal* law.   *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Haw. Rev. Stat. §§ 805-1, 806-7 (providing that only a "prosecuting officer" can bring criminal charges).   All such criminal law claims are DISMISSED without leave to amend.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 9, is GRANTED with LEAVE TO AMEND.[4]   Duell may have until **February 27, 2026** to file an amended complaint consistent with the terms of this Order.   **The Court cautions Duell that failure to file an amended complaint by February 27, 2026 may result in the dismissal of this case with prejudice for the reasons set forth herein.**

IT IS SO ORDERED.

Dated: February 13, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

[4]Because it is unnecessary at this time, the Court does not address any other reasons for dismissal that may have been raised in the motion to dismiss.